DECISION AND JUDGMENT ENTRY
David A. Huston appeals the sentence entered by the Pickaway County Court of Common Pleas upon his guilty plea on a charge of operating a motor vehicle while under the influence of alcohol ("OMVI"), in violation of R.C. 4511.19 (A) (1), a fourth- degree felony pursuant to R.C. 4511.99 (A) (4) (a). Huston asserts that the trial court erred by sentencing him to serve ten months in a state prison for his first felony OMVI conviction. Because first time felony OMVI sentences are limited by statute to local incarceration, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
On October 17, 1998, Ohio State Highway Patrol Sergeant Patrick Vessels found Huston passed out behind the steering wheel of his vehicle. Huston had stopped his vehicle in the southbound traffic lane on U.S. Route 23. When Sgt. Vessels discovered Huston in his vehicle, the motor was running and the transmission was in "drive," but Huston had his foot on the brake. Sgt. Vessels yelled and beat on the door, but was unable to arouse Huston. Finally, Sgt. Vessels opened the door, put the vehicle in "park," and shut off the engine.
Huston awoke only after Sgt. Vessel shook him and yelled at him. Huston was unable to tell Sgt. Vessels where he was or how he got there. Sgt. Vessels noticed that Huston smelled strongly of alcohol, his eyes were bloodshot, and his face was flushed. After a few minutes, Huston successfully exited his vehicle, but stumbled and was unable to stand still. He refused to attempt to perform any roadside sobriety tests, and later refused to take a test for blood-alcohol concentration.
Based upon Huston's three previous convictions for OMVI in the past six years, the state charged Huston with felony OMVI pursuant to R.C. 4511.99 (A) (4) (a). Huston pled guilty, and the trial court sentenced him to ten months of imprisonment and a five-year license suspension.
Huston appeals, asserting the following assignment of error:
 THE TRIAL COURT ERRED TN SENTENCING THE DEFENDANT TO A PRISON TERM UPON HIS PLEA OF GUILTY TO A FIRST TIME VIOLATION OF R.C. § 4511.19 (A) (1)/4511.99
(A) (4) (a).
 II.
Huston asserts that the trial court erred as a matter of law in sentencing him to serve his ten-month sentence in a state prison. The state asserts that we may choose to read the relevant statutory provisions to authorize the sentence that the trial court imposed. The question before us is a matter of statutory interpretation, which we review de novo.
We addressed the argument Huston presents in State v. Ferguson
(August 19, 1999), Pickaway App. No. 99CA6, unreported. InFerguson, the defendant appealed his sentence of fifteen months in a state prison upon his first fourth-degree felony OMVI conviction. We determined that the penalties for felony OMVI are different from those for "ordinary" fourth degree felonies.Ferguson, citing Painter Looker, Ohio Driving Under the Influence Law (1998 Ed.) 224, Section T 19.10.
The criteria for felony OMVI sentencing are contained in three separate statutes, R.C. 4511.99 (A) (4) (a), R.C. 2929.13 (G), and R.C. 2929.14 (D) (4). In Ferguson, we determined that these three statutory provisions, taken together, create a two-tiered sentencing system for felony OMVI convictions.[1] We described those tiers as follows:
 The first tier applies to first time convictions for felony DUI and mandates sixty (60) days of "local incarceration." R.C. 2929.13 (G) (1); also see State v. Wilton (May 12, 1999), Lucas App. No. L-99-1056, unreported. If the offender has previously been convicted of a fourth degree felony DUI, then that offender falls into the second tier of sentencing which also requires a sixty (60) day term of imprisonment. See R.C. 2929.13 (G) (2). This time, however, the sentence is to be carried out in a State prison rather than "local incarceration." Id.
The trial court may also impose additional prison time commensurate with any other fourth degree felony. R.C. 2929.14 (D) (4). (Footnote omitted.)
Ferguson, supra. Within the first tier of felony OMVI sentencing, R.C. 2929.13 (G) (1) provides the trial court with discretionary authority to impose a variety of additional sanctions, including a term of up to one year in jail, less the mandatory term of local incarceration. See R.C. 2929.16 (A) (3)
"Prison" and "local incarceration" are not synonymous. "Prison" refers to "a residential facility used for the confinement of convicted felony offenders under the control of the department of rehabilitation and correction." R.C. 2929.01 (CC). In contrast, "local incarceration" refers to up to sixty days in a jail, such as a residential facility operated by a political subdivision, "a community-based correctional facility, a halfway house, or an alternative residential facility." R.C. 2929.01(KK).
The parties in this case agree that this was Huston's first conviction for fourth-degree felony OMVI. Therefore, the trial court should have sentenced Huston in accordance with subsection (G) (1) of R.C. 2929.13, which required the trial court to impose a mandatory sixty-day period of "local incarceration." The court therefore erred in sentencing him to serve ten months in state prison.
The state argues that we must reject the plain reading of the statutes, because construing the statutes as they are written gives rise to an anomaly. Specifically, the state points out that a defendant potentially may receive a longer sentence for a misdemeanor OMVI conviction than for a fourth-degree felony OMVI conviction. Huston received a sentence of one hundred-eighty days of local incarceration for his previous misdemeanor OMVI conviction, but may receive as few as sixty days of local incarceration for this felony OMVI conviction.
While this potential for an anomalous result exists, we note that R.C. 2929.16 (A) (3) grants the trial court the discretionary authority to impose up to one year in jail on a first time fourth-degree felony OMVI offender. Thus, the trial court possesses the ability to avoid an anomalous result. Moreover, the fact that the potential for an anomalous result exists is a concern that can be remedied only by the General Assembly, not by this court. See Ferguson, supra. Therefore, we are not persuaded by the state's argument.
In conclusion, we find that the trial court may sentence a first time fourth-degree felony OMVI offender to no more than a maximum of one year in jail, including a mandatory sixty-day period of local incarceration. See R.C. 2929.13 (G) (1); R.C.2929.16 (A) (3); R.C. 4511.99 (A) (4) (a); Ferguson. Thus, the trial court erred in sentencing Huston to serve ten months in a state prison. Accordingly, we sustain Huston's assignment of error, reverse the judgment of the trial court, and remand this cause for resentencing consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
[1] As we noted in Ferguson, the trial court's difficulty in construing the sentencing scheme here is understandable, as the sentencing statutes involved are convoluted and scattered over two chapters of the Revised Code.
 JUDGEMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY:____________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.